# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE DIAZ, | Case No. 1:14-cv-00833 AWI DLB |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| R. COLES, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

Plaintiff Enrique Diaz ("Plaintiff") is a California state prison inmate proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 2, 2014. He names California Substance Abuse Treatment Facility ("CSATF") Assistant Warden S. Sherman, Correctional Lt. R. Coles, Correctional Captain W. Hense and Teacher M. Amaral as Defendants.

**A.    SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.    FACTUAL ALLEGATIONS**

Plaintiff is currently incarcerated at Salinas Valley State Prison in Soledad, California. The events at issue occurred while Plaintiff was incarcerated at CSATF in Corcoran, California.

Plaintiff states that he is serving a sentence of life without the possibility of parole.

According to Plaintiff's allegations, on February 14, 2005, while he was assigned to education, Defendant Amaral told Plaintiff to sign a contract. Plaintiff refused to sign it and as a result, Defendant Amaral issued a formal disciplinary report for refusing a direct order.

2

On March 2, 2005, Defendant Coles conducted the disciplinary hearing. Plaintiff pled not guilty and introduced a written statement. He requested that Defendant Amaral be present at the hearing. Plaintiff alleges that Defendant Cole "refused to ask pertinent relevant questions, and told [him] that his claims of freedom of choice were for the courts." ECF No. 1, at 4. Defendant Coles found Plaintiff guilty and imposed a thirty day loss of credits, along with forty hours of extra duty.

On March 24, 2005, Defendant Hense conducted an audit of the disciplinary report and agreed with the findings.

On April 5, 2005, Defendant Sherman agreed with the outcome of the disciplinary report and approved the findings and penalties.

On April 19, 2005, Plaintiff prepared a disciplinary appeal, arguing numerous due process violations.

On June 23, 2005, the CSATF appeals office granted the appeal in part and ordered a re-issue and rehearing of the disciplinary report.

On September 6, 2006, Plaintiff was given the re-issued disciplinary report, including the job descriptions/contract and the modification order.

On September 14, 2006, Correctional Lt. Baires held the disciplinary hearing and found Plaintiff not guilty. Correctional Captain Lais approved the findings and Defendant Sherman agreed with the outcome on September 25, 2006. The outcome of the rules violation report was invalidated and the disciplinary report was expunged from his central file.

Based on these allegations, Plaintiff alleges that Defendants violated his right to "freedom of choice" and due process. He requests monetary damages.

C.     **DISCUSSION**

   1.     "Freedom of Choice"

Although it is not entirely clear, it appears that Plaintiff contends that he had the freedom to choose not to sign the contract given to him by Defendant Amaral. Contrary to his belief, there is no such constitutional right.

Plaintiff admits that he refused a direct order from Defendant Amaral and as a result, Defendant Amaral issued a disciplinary report. However, there is no free-standing right to be free from a disciplinary report that Plaintiff disagrees with. This is especially true where the disciplinary report stems from the refusal to follow a direct order in a prison setting.

Therefore, Plaintiff fails to state a claim against Defendant Amaral, and he cannot state a claim for violation of his "freedom of choice."

    2.    Due Process

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).

In addition, "some evidence" must support the decision of the hearing officer, Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985), and the evidence must have some indicia of reliability, Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent and the relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion reached. . . ." Hill, 472 U.S. at 455-56 (emphasis added).

Here, Plaintiff's allegations are too vague to state a due process claim. While he contends that he requested that Defendant Amaral be present at the hearing, he does not state whether the

request was denied, or explain the circumstances surrounding the denial.  He also alleges that Defendant Coles refused to ask "pertinent" questions, but due process does not require him to do so.  Plaintiff makes no other allegations that would implicate his limited rights under Wolff or Hill.

For the same reasons, Plaintiff fails to state a claim against Defendants Hense and Sherman based on their roles in reviewing the outcome of the hearing.  Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation.  George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted).  However, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006), there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983.  That circumstance has not been presented here, where Plaintiff has failed to state a claim based on any underlying violation.

**D.     CONCLUSION AND ORDER**

For the above reasons, Plaintiff's complaint fails to state any claims for which relief may be granted.  Plaintiff will be given leave to amend.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named Defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.     Plaintiff's complaint is dismissed, with leave to amend;

2.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

5

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: __**November 11, 2014**__         /s/ *Dennis L. Beck*
                                            UNITED STATES MAGISTRATE JUDGE