# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE DIAZ, | Case No. 1:14-cv-00833 AWI DLB |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| R. COLES, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

Plaintiff Enrique Diaz ("Plaintiff") is a California state prison inmate proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 2, 2014. Pursuant to Court order, he filed a First Amended Complaint on November 26, 2014. He names California Substance Abuse Treatment Facility ("CSATF") Assistant Warden S. Sherman, Correctional Lt. R. Coles, Correctional Captain W. Hense and teacher M. Amaral as Defendants.

**A.    SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.      FACTUAL ALLEGATIONS**

Plaintiff is currently incarcerated at Salinas Valley State Prison in Soledad, California. The events at issue occurred while Plaintiff was incarcerated at CSATF in Corcoran, California.

Plaintiff states that he is serving a sentence of life without the possibility of parole. He alleges that during his incarceration, Defendant Amaral began to sexually harass him. When Plaintiff refused the advances, Defendant Amaral fabricated a disciplinary report for refusing to

1  follow orders.  Plaintiff contends that Defendant Amaral falsely stated that Plaintiff refused to sign
2  a contract.
3        When Plaintiff received the report, he immediately requested that Defendant Amaral
4  appear as a witness.  He also prepared his written statement to defend against the charges.
5        On March 2, 2005, Defendant Coles conducted the disciplinary hearing.  Plaintiff pled not
6  guilty and submitted his written statement explaining that Defendant Amaral, his teacher, had
7  made sexual advances towards him.  Plaintiff further explained that when he refused to give in,
8  Defendant Amaral falsified the allegations in the Rule Violation Report ("RVR").  Plaintiff also
9  explained that he was never given a contract to sign, and a contract was not attached to the RVR.
10  Plaintiff also requested the production of the alleged contract, and that Defendant Amaral be
11  produced for questioning.
12        Defendant Coles denied production of the alleged contract, stating, "You have no rights.
13  Whatever staff tell you to do, you do.  Your request is denied."  ECF No. 9, at 6.  Plaintiff's six
14  questions about sexual harassment directed to Defendant Amaral were not asked.
15        Defendant Coles accepted the introduction of Plaintiff's written statement, but denied him
16  a fair hearing because he refused to address Plaintiff's "line of defense, that Plaintiff's last TABE
17  test was administered on November 9, 2004."  ECF No. 9, at 6.  Defendant Amaral stated at the
18  hearing that a TABE test is to be taken every six months.
19        Defendant Coles found Plaintiff guilty, and assessed 30 days good time credit-forfeiture
20  and 40 hours of extra duty.  Plaintiff believes that Defendant Coles refused to incorporate his
21  written statement, denied the production of the contract, denied questions to Defendant Amaral
22  related to sexual harassment, and denied "the plaintiff's plea of not guilty when plaintiff stated the
23  RVR allegations were false."  ECF No. 9, at 6.  Plaintiff also alleges that Defendant Coles denied
24  a fair hearing "because she herself alone conducted an investigation after the hearing and pulled
25  the Plaintiff's central files to address Plaintiff's questions at the hearing, stating that Plaintiff had
26  signed a list of documents dating from 1997 to 2004 etc."  ECF No. 9, at 6.  He believes that
27  Defendant Coles had a predetermined belief of guilt.
28

3

1  On March 24, 2005, Defendant Hense conducted an audit and agreed with the findings of
2 Defendant Coles.
3  On April 5, 2005, Defendant Sherman approved the outcome of the RVR, even though the
4 report showed numerous due process violations.
5  Plaintiff appealed the findings and on September 14, 2006, a second hearing was
6 conducted. Defendant Amaral was questioned and denied the contract's existence. The RVR was
7 dismissed and invalidated.
8  Based on these allegations, Plaintiff alleges violations of due process and his right to
9 freedom of speech. He requests monetary damages.

10 C.  **DISCUSSION**
11  1.  Due Process
12  "Prison disciplinary proceedings are not part of a criminal prosecution, and the full
13 panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418
14 U.S. 539, 556, 94 S.Ct. 2963 (1974). With respect to prison disciplinary proceedings, the
15 minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at
16 least 24 hours between the time the prisoner receives written notice and the time of the hearing, so
17 that the prisoner may prepare his defense; (3) a written statement by the fact finders of the
18 evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call
19 witnesses in his defense, when permitting him to do so would not be unduly hazardous to
20 institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner
21 is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five
22 minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d
23 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472
24 (1995).
25  In addition, "some evidence" must support the decision of the hearing officer,
26 Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985), and the evidence must have
27 some indicia of reliability, Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987). The "some
28 evidence" standard is not particularly stringent and the relevant inquiry is whether "there is *any*

evidence in the record that could support the conclusion reached. . . ." Hill, 472 U.S. at 455-56 (emphasis added).

Here, Plaintiff contends that numerous deficiencies resulted in the denial of due process. However, the issues complained of are not mandated by the due process clause. Plaintiff contends that Defendant Coles refused to address a line of defense, did not ask Defendant Amaral questions about sexual harassment, denied production of the alleged contract, denied Plaintiff's not guilty plea and conducted some sort of investigation on her own. Due process does not require that Defendant Coles ask specific questions, grant discovery, make a particular finding or refrain from investigation.

Plaintiff makes no other allegations that would implicate his due process rights under Wolff or Hill. Although he contends that the report was false, he does not allege that "some evidence" did not exist to support the finding. There is no due process right to be free from a false disciplinary report.

For the same reasons, Plaintiff fails to state a claim against Defendants Hense and Sherman based on their roles in reviewing the outcome of the hearing. Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted). However, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006), there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983. That circumstance has not been presented here, where Plaintiff has failed to state a claim based on any underlying violation.

Finally, because Plaintiff does not have a right to be free from false disciplinary charges, he fails to state a claim against Defendant Amaral.

Plaintiff will be granted one final opportunity to amend this claim.

2. Freedom of Speech

The First Amendment prohibits government officials from "abridging the freedom of speech ... or the right of the people peaceably to assemble." Prisoners retain those First

5

Amendment rights not inconsistent with their status as prisoners or with legitimate penological objectives of the corrections system. See Pell v. Procunier, 417 U.S. 817, 822 (1974). Although a prisoner does not lose all First Amendment protections when he enters prison, id., the "inmate's 'status as a prisoner' and the operational realities of a prison dictate restrictions on the associational rights among inmates." Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 125–26 (1977). Prison regulations that infringe on a prisoner's First Amendment rights are valid so long as they are "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987).

Plaintiff does not specifically explain his First Amendment claim. Insofar as he believes that he was denied his right to freedom of speech in connection with the disciplinary hearing, the Constitution does not guarantee a right to freedom of speech in such a context.

Plaintiff therefore fails to state a First Amendment claim. Plaintiff will be permitted to amend, but only to the extent that he claims a violation separate and apart from the circumstances of his disciplinary hearing.

### D. CONCLUSION AND ORDER

For the above reasons, Plaintiff's complaint fails to state any claims for which relief may be granted. **Plaintiff will be given one final opportunity to amend**.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named Defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

///

///

6

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint is dismissed, with leave to amend;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.</u>

IT IS SO ORDERED.

Dated:   **March 31, 2015**              /s/ *Dennis L. Beck*
                                        UNITED STATES MAGISTRATE JUDGE